IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIEZ MANUFACTURING CO., <br>     Plaintiff <br><br>     v. <br><br> TIMOTHY G. SHUTTLEWORTH, <br>     Defendant/Counterclaim Plaintiff <br><br>     v. <br><br> ERIEZ MANUFACTURING CO., <br>     Counterclaim Defendant | CASE NO. 1:20-cv-157-CB <br><br><br><br><br><br><br><br> ELECTRONICALLY FILED |

**PLAINTIFF'S MOTION TO CORRECT UNINTENTIONAL OMISSION OF THREE WORDS FROM PARAGRAPHS 60 AND 61 OF PLAINTIFF'S PROPOSED FINDINGS OF FACT**

Plaintiff ERIEZ MANUFACTURING CO., by its attorneys, MacDonald, Illig, Jones & Britton LLP, files this Plaintiff's Motion to Correct Unintentional Omission of Three Words from Paragraphs 60 and 61 of Plaintiff's Proposed Findings of Fact and states the following in support thereof:

1. On August 31, 2020, plaintiff Eriez Manufacturing Co. ("Eriez") filed Plaintiff's Proposed Findings of Fact in Support of its Renewed Motion for Preliminary Injunction ("Plaintiff's Proposed Findings of Fact"). (ECF Doc. 34).

2. When recently reviewing Plaintiff's Proposed Findings of Fact, the undersigned counsel for Eriez discovered that during the final editing process, the words "for Eriez not" were unintentionally omitted from Paragraphs 60 and 61.

3. This omission was unintentional as evidenced by related Paragraphs 62 and 159 of Plaintiff's Proposed Findings of Fact.

4. Eriez intended Paragraphs 60 and 61 to read:

> 60. It was reasonable for Eriez not to password protect or encrypt the seven Eriez Trade Secrets Documents, given their limited distribution; the fact that those having access to the documents were subject to, and complied with, Section 11. <u>Confidentiality</u> of the Eriez Code of Business Conduct & Ethics and related Eriez confidentiality policies and procedures; and Eriez had no reason to believe that Shuttleworth or the other recipients would misappropriate the seven Eriez Trade Secrets Documents.
>
> 61. It was reasonable for Eriez not to install software on the Eriez company laptop assigned to Shuttleworth to perform his duties as President and Chief Executive Officer, to block downloading of files to a USB device or remotely disable the laptop because Shuttleworth had transitioned to a teleworking arrangement at his home in early March 2020; was the only Eriez employee whose laptop was not collected on his last day of employment because he was working remotely; was the person who initiated the adoption of, and was subject to, Section 11. <u>Confidentiality</u> of the Eriez Code of Business Conduct & Ethics; and Eriez had no reason to believe that Shuttleworth would misappropriate the seven Eriez Trade Secrets Documents. (Tr. 48-49, 66-68).

WHEREFORE, plaintiff Eriez Manufacturing Co. respectfully requests this Honorable Court to approve Eriez' correction of Paragraphs 60 and 61 of Plaintiff's Proposed Findings of Fact in Support of its Renewed Motion for Preliminary Injunction as set forth in Paragraph 4 above and in the attached Proposed Order.

Respectfully submitted,

*s/ Roger H. Taft*

Roger H. Taft, Esq.
PA Bar No. 19983
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7603
(814) 454-4647 (facsimile)
rtaft@mijb.com

Attorneys for Plaintiff Eriez Manufacturing Co.

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2020, the foregoing Motion to Correct Unintentional Omission of Three Words from Paragraphs 60 and 61 of Plaintiff's Proposed Findings of Fact was filed electronically with the Clerk of Court, using the CM/ECF system. Notice of this filing will be sent to all parties who have appeared of record by operation of the Court's ECF system and constitutes service of this filing under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.



*s/ Roger H. Taft*
Roger H. Taft, Esq.